# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JAMES BLUME,**<br><br>                   **Plaintiff,**<br><br>**vs.**<br><br>**LOS ANGELES SUPERIOR COURTS, LOS ANGELES POLICE DEPT. STATE OF CALIFORNIA, the Appellate Court Division and LOS ANGELES HOUSING DEPARTMENT,**<br><br>                   **Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:17-cv-01155**<br><br>**District Court Judge David Nuffer**<br><br>**Magistrate Judge Dustin Pead** |

## Background

On October 26, 2017, the court granted Plaintiff James Blume's (Plaintiff or Mr. Blume) application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. §1915. (ECF No. 2.) Shortly thereafter, Mr. Blume filed a motion seeking court appointed counsel. (ECF No. 5.)

In a ruling dated December 6, 2017, this court dismissed Mr. Blume's complaint for lack of jurisdiction and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 6.) The court, however, granted Plaintiff leave to file an amended pleading addressing any

deficiencies. On December 29, 2017, Plaintiff filed what appears to be an amended complaint and renewed his motion for appointment of counsel. (ECF No. 7, ECF No. 8.)[1] Upon review, Mr. Blume's amended complaint fails to remedy the deficiencies of his original pleading and therefore the court recommends dismissal of the action.[2]

## Screening The Complaint Under 28 U.S.C. §1915

The court granted Mr. Blume leave to file his complaint pursuant to 28 U.S.C. §1915, the *in forma pauperis* statute. Under the statute a court must dismiss any claims that are frivolous, malicious or fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under the statute, the court employs the standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007), Fed. R. Civ.12(b)(6). Review of a motion to dismiss requires the court to "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs.,* 633 F.3d 1022, 1025 (10th Cir. 2011).

---

[1] Mr. Blume entitles his filing "Plaintiff's Reply To 12/06/17 Ruling & Order RE: Rule 8 & Jurisdiction Exceeds $75K A) Chief Justice Warren Burger Quote & Opinion B) Prejudicially Enforcing The Rules For A Bribe C) Request And Demand For Accommodations Under A.D.A. Of 1954, As Already Granted In Courts, And Declaration Of Plaintiff's D) Motion & Amending To Judicial Facilitation, & Judicial Solicitation under Penal Code 653(f)L Judicial Criminal Acts Of Judge Joseph Francis Devanon "Let me get some", & Code of Conduct Canon 4(d)(1) UNDER 'Financial Activities' by form Judge. Response To Ruling & Order Demand For Court Opinions." (ECF No. 8.)

[2] This case is before Magistrate Judge Pead pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Court Judge David Nuffer. (ECF No. 4.)

To survive dismissal under 12(b)(6):

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Mr. Blume's complaint fails to state a claim for relief and dismissal is appropriate under 28 U.S.C. §1915(e)(2)(B)(ii). Despite an opportunity to amend, Plaintiff's pleading remains unintelligible and in violation of federal rule 8. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Mr. Blume fails to assert clear causes of actions or provide discernable factual allegations in support of any known claim. In turn, Plaintiff does not establish jurisdiction. *Penteco Corp. Lt. P'ship---1985A v. Union Gas Sys. Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991) (a plaintiff has the burden of establishing jurisdiction). Mr. Blume appears, in part, to challenge an eviction order issued by "a court system in Los Angeles." (ECF No. 8 at 5.) Plaintiff, however, makes no connection between any of the named parties and the State of Utah, and the Federal District Court, District of Utah does not have jurisdiction over a challenge to, or appeal of, a California federal court ruling. *See* 28 U.S.C. §1291.

**Recommendation**

Accordingly, for the reasons set forth above and as addressed in this court's earlier ruling, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss Plaintiff's complaint for failure to state a claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure

Dated this 9th day of January, 2018.

By: _____
Dustin B. Pead
U.S. Magistrate Judge